IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANNA IULIANELLI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| VANDERBILT UNIVERSITY ) | JURY DEMAND (12) |
| MEDICAL CENTER, ) | |
| ) | |
| Defendant. ) | |

## VERIFIED COMPLAINT FOR DAMAGES

Plaintiff, ANNA IULIANELLI (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Verified Complaint for Damages against Defendant, VANDERBILT UNIVERSITY MEDICAL CENTER (hereinafter "Defendant" or "VUMC"), and for her causes of action states and shows unto the Court as follows:

### I. PARTIES

1. Plaintiff is an adult citizen and resident of Broward County, Florida.

2. Defendant Vanderbilt University Medical Center is a Tennessee nonprofit corporation (SOS No. 000792687) and, as such, is a citizen of the State of Tennessee pursuant to 28 U.S.C. § 1332(c)(1). Defendant has a principal office address of 1161 21st Ave South Medical Center North D-3300, Nashville, TN 37232-5545, and upon information and belief, can be served with process through its registered agent located at 300 Montvue Rd, Knoxville, TN 37919-5546.

## II. JURISDICTION AND VENUE

3. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00) and is between citizens of different states.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claim contained herein occurred in the Middle District of Tennessee, and Defendant, a Tennessee nonprofit corporation, is deemed to reside in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(c).

## III. STATEMENT OF FACTS

5. Plaintiff was hired as the director of Defendant's perfusion program in or around January 2023. Upon information and belief, Defendant hired Plaintiff because the perfusion program was put on accreditation probation for failure to follow curriculum.

6. Upon starting the job as director of Defendant's perfusion program, Plaintiff became aware that the program was missing certain medical equipment necessary for the program's curriculum. The VUMC perfusion program listed in the April 2023 Advisory Board meeting that it had twelve (12) pieces of equipment for students to use for training. However, when Plaintiff was given a campus tour in June 2023, Plaintiff noted that there were only two (2) pieces of equipment available for use.

7. After learning that Defendant was missing the necessary equipment for its perfusion program, Plaintiff sent an email on August 22, 2023, providing a list of perfusion equipment owned by Defendant and explaining what equipment was still needed. Plaintiff made it clear that the missing equipment either needed to be located or replaced prior to the beginning of the fall semester. A true and redacted copy of the email sent by Plaintiff

on August 22, 2023, is attached hereto as **Exhibit A**. A true and exact copy of a photograph taken of the equipment available to the perfusion program in August 2023 is attached hereto as **Exhibit B**.

8. Defendant did not provide the missing equipment nor did any of the existing staff assist Plaintiff in locating the same. The only equipment owned by Defendant available for use by its perfusion program in August 2023 was one (1) Rotaflow centrifugal pump with no disposable, caps, connectors, and some oxygen lines. Any other equipment available for the perfusion program had been provided by other instructors. Consequently, Plaintiff obtained the missing items herself.

9. Plaintiff brought the following list of personal items and equipment:

    - One (1) Baxter dual scavenging and vacuum regulator
    - Six (6) arterial and venous temperature probes for Liva Nova, Medtronic, and Terumo heart lung pump packs
    - Twenty (20) Medtronic arterial centrifugal pumps
    - Four (4) bubble detectors for 1/2 inch and 3/8 inch lines
    - Four (4) level detectors
    - Four (4) flow probes
    - Four (4) cell saver kits
    - Surgical instruments
    - Six (6) pressure manometers
    - Ten (10) Terumo and Medtronic pump packs
    - One (1) Dremel
    - Six (6) rulers
    - Markers
    - Tie bands

10. Shortly after Plaintiff was hired as director of Defendant's perfusion program, issues arose between Plaintiff and the other program administrators regarding unapproved deviations from the program curriculum. Specifically, Plaintiff was adamant that Defendant follow the approved accreditation curriculum, whereas the other administrators maintained that improper deviations from curriculum were acceptable. The continued disagreement

regarding the curriculum ultimately led to Plaintiff's dismissal from her position as program director in or around March 2024.

11. After Plaintiff was dismissed from her position as program director, she attempted to retrieve the perfusion equipment that she had provided to Defendant. Upon inquiring as to how she could collect the equipment, Plaintiff was informed that she was no longer allowed on Defendant's campus, and that she would need to provide a list of the equipment she wished to retrieve.

12. Plaintiff provided the list to other perfusion program administrators, including, but not limited to, Kristen Smith, Ebony McHaskell, and Peggy Valentine, and each time was met with resistance to the items being returned. Finally, Defendant provided the explanations that it either "could not locate the equipment," or that it was "unclear which items belonged to [Defendant] and which items belonged to [Plaintiff]."

13. In response to the excuse that Defendant "could not determine which items belonged to [Plaintiff]," Plaintiff sent three (3) photographs on July 12, 2024, circling the items that were hers. True and exact copies of the three (3) photographs are attached hereto as **Exhibit C**.

14. Not only did Plaintiff send photographs of her items, but she also informed Peggy Valentine via email that any equipment owned by Defendant would have had a labeled sticker identifying it as such. A true and redacted copy of the email Plaintiff sent to Peggy Valentine on July 15, 2024, is attached hereto as **Exhibit D**.

15. Eventually, Defendant mailed Plaintiff some of the items she had provided to the perfusion program. The items Defendant mailed to Plaintiff included water lines, one (1) VAD

console, one (1) Stockert roller pump, one (1) orange bucket, and one (1) bracket. Plaintiff has still yet to receive any of the remaining equipment.

16. Upon information and belief, the equipment Plaintiff provided was kept in a locked storage area in a secured part of Defendant's facility, and the only individuals with access to the locked storage area were program administrators Jill Getchell and Tony Dancel.

17. Upon information and belief, Jill Getchell removed the items from the locked storage area after Plaintiff requested the same be returned to her.

18. Upon information and belief, Defendant is fully aware as to which items belong to Plaintiff yet failed to return the same so that Defendant could continue to use the equipment in its perfusion program.

19. Defendant's actions have resulted in damages to Plaintiff.

### IV.    CAUSES OF ACTION
### COUNT I – CONVERSION

20. Plaintiff incorporates each of the preceding paragraphs (1-19) as if each is fully set forth herein.

21. Plaintiff brought one (1) Baxter dual scavenging and vacuum regulator with her to VUMC to assist in her role as director of the perfusion program. Plaintiff owned the one (1) Baxter dual scavenging and vacuum regulator, and it was her property.

22. Upon dismissal from her position as director of the perfusion program at VUMC, Plaintiff requested the return of the one (1) Baxter dual scavenging and vacuum regulator and was informed by Defendant that the equipment could not be located.

23. Upon information and belief, Defendant has continued to use the one (1) Baxter dual scavenging and vacuum regulator to train its perfusion program students.

24. Defendant intentionally took Plaintiff's one (1) Baxter dual scavenging and vacuum regulator for its own use and benefit in defiance of Plaintiff's rights.

25. Defendant's conversion of Plaintiff's one (1) Baxter dual scavenging and vacuum regulator has resulted in damages to Plaintiff in an amount not less than Two Thousand Dollars ($2,000.00).

## COUNT II – CONVERSION

26. Plaintiff incorporates each of the preceding paragraphs (1-19) as if each is fully set forth herein.

27. Plaintiff brought six (6) arterial and venous temperature probes for Liva Nova, Medtronic, and Terumo heart lung pump packs with her to VUMC to assist in her role as director of the perfusion program. Plaintiff owned the six (6) arterial and venous temperature probes, and they were her property.

28. Upon dismissal from her position as director of the perfusion program, Plaintiff requested the return of the six (6) arterial and venous temperature probes and was informed by Defendant that the equipment could not be located. Plaintiff has not recovered the item.

29. Upon information and belief, Defendant has continued to use the six (6) arterial and venous temperature probes to train its perfusion program students.

30. Defendant intentionally took Plaintiff's six (6) arterial and venous temperature probes for its own use and benefit in defiance of Plaintiff's rights.

31. Defendant's conversion of Plaintiff's six (6) arterial and venous temperature probes has resulted in damages to Plaintiff in an amount not less than Sixteen Thousand Five Hundred Forty-Five Dollars and Ninety-Six Cents ($16,545.96).

## COUNT III – CONVERSION

32. Plaintiff incorporates each of the preceding paragraphs (1-19) as if each is fully set forth herein.

33. Plaintiff brought twenty (20) Medtronic arterial centrifugal pumps with her to VUMC to assist in her role as director of the perfusion program. Plaintiff owned the twenty (20) Medtronic arterial centrifugal pumps, and they were her property.

34. Upon dismissal from her position as director of the perfusion program, Plaintiff requested the return of the twenty (20) Medtronic arterial centrifugal pumps and was informed by Defendant that the equipment could not be located.

35. Upon information and belief, Defendant has continued to use the twenty (20) Medtronic arterial centrifugal pumps to train its perfusion program students.

36. Defendant intentionally took Plaintiff's twenty (20) Medtronic arterial centrifugal pumps for its own use and benefit in defiance of Plaintiff's rights.

37. Defendant's conversion of Plaintiff's twenty (20) Medtronic arterial centrifugal pumps has resulted in damages to Plaintiff in an amount not less than Three Thousand Seven Hundred Fifty Dollars ($3,750.00).

## COUNT IV – CONVERSION

38. Plaintiff incorporates each of the preceding paragraphs (1-19) as if each is fully set forth herein.

39. Plaintiff brought four (4) bubble detectors for 1/2 inch and 3/8 inch lines with her to VUMC to assist in her role as director of the perfusion program. Plaintiff owned the four (4) bubble detectors for ½ inch and 3/8 inch lines, and they were her property.

40. Upon dismissal from her position as director of the perfusion program, Plaintiff requested the return of the four (4) bubble detectors and was informed by Defendant that the equipment could not be located.

41. Upon information and belief, Defendant has continued to use the four (4) bubble detectors to train its perfusion program students.

42. Defendant intentionally took Plaintiff's four (4) bubble detectors for its own use and benefit in defiance of Plaintiff's rights.

43. Defendant's conversion of Plaintiff's four (4) bubble detectors has resulted in damages to Plaintiff in an amount not less than Twenty-Five Thousand One Hundred Seventy-Seven Dollars and Twenty-Eight Cents ($25,177.28).

**COUNT V – CONVERSION**

44. Plaintiff incorporates each of the preceding paragraphs (1-19) as if each is fully set forth herein.

45. Plaintiff brought four (4) level detectors with her to VUMC to assist in her role as director of the perfusion program. Plaintiff owned the four (4) level detectors, and they were her property.

46. Upon dismissal from her position as director of the perfusion program, Plaintiff requested the return of the four (4) level detectors and was informed by Defendant that the equipment could not be located.

47. Upon information and belief, Defendant has continued to use the four (4) level detectors to train its perfusion program students.

48. Defendant intentionally took Plaintiff's four (4) level detectors for its own use and benefit in defiance of Plaintiff's rights.

49. Defendant's conversion of Plaintiff's four (4) level detectors has resulted in damages to Plaintiff in an amount not less than Seventeen Thousand Eight Hundred Ten Dollars and Forty Cents ($17,810.40).

## COUNT VI- CONVERSION

50. Plaintiff incorporates each of the preceding paragraphs (1-19) as if each is fully set forth herein.

51. Plaintiff brought four (4) flow probes with her to VUMC to assist in her role as director of the perfusion program. Plaintiff owned the four (4) probes, and they were her property.

52. Upon dismissal from her position as director of the perfusion program, Plaintiff requested the return of the four (4) flow probes and was informed by Defendant that the equipment could not be located.

53. Upon information and belief, Defendant has continued to use the four (4) flow probes to train its perfusion program students.

54. Defendant intentionally took Plaintiff's four (4) flow probes for its own use and benefit in defiance of Plaintiff's rights.

55. Defendant's conversion of Plaintiff's four (4) flow probes has resulted in damages to Plaintiff in an amount not less than Eleven Thousand Dollars ($11,000.00).

## COUNT VII – CONVERSION

56. Plaintiff incorporates each of the preceding paragraphs (1-19) as if each is fully set forth herein.

57. Plaintiff acquired four (4) cell saver kits that she brought with her to VUMC to assist in her role as director of the perfusion program. Plaintiff owned the four (4) cell saver kits, and they were her property.

58. Upon dismissal from her position as director of the perfusion program, Plaintiff requested the return of the four (4) cell saver kits and was informed by Defendant that the equipment could not be located.

59. Upon information and belief, Defendant has continued to use the four (4) cell saver kits to train its perfusion program students.

60. Defendant intentionally took Plaintiff's four (4) cell saver kits for its own use and benefit in defiance of Plaintiff's rights.

61. Defendant's conversion of Plaintiff's four (4) cell saver kits has resulted in damages to Plaintiff in an amount not less than Nine Hundred Dollars ($900.00).

## COUNT VIII – CONVERSION

62. Plaintiff incorporates each of the preceding paragraphs (1-19) as if each is fully set forth herein.

63. Plaintiff brought surgical instruments with her to VUMC to assist in her role as director of the perfusion program. Plaintiff owned the surgical instruments, and they were her property.

64. Upon dismissal from her position as director of the perfusion program, Plaintiff requested the return of the surgical instruments and was informed by Defendant that the equipment could not be located.

65. Upon information and belief, Defendant has continued to use the surgical instruments to train its perfusion program students.

66. Defendant intentionally took Plaintiff's surgical instruments for its own use and benefit in defiance of Plaintiff's rights.

67. Defendant's conversion of Plaintiff's surgical instruments has resulted in damages to Plaintiff in an amount not less than Five Thousand Dollars ($5,000.00).

## COUNT IX- CONVERSION

68. Plaintiff incorporates each of the preceding paragraphs (1-19) as if each is fully set forth herein.

69. Plaintiff brought six (6) pressure manometers with her to VUMC to assist in her role as director of the perfusion program. Plaintiff owned the six (6) pressure manometers, and they were her property.

70. Upon dismissal from her position as director of the perfusion program, Plaintiff requested the return of the six (6) pressure manometers and was informed by Defendant that the equipment could not be located.

71. Upon information and belief, Defendant has continued to use the six (6) pressure manometers to train its perfusion program students.

72. Defendant intentionally took Plaintiff's six (6) pressure manometers for its own use and benefit in defiance of Plaintiff's rights.

73. Defendant's conversion of Plaintiff's six (6) pressure manometers has resulted in damages to Plaintiff in an amount not less than Three Hundred Ninety-Three Dollars and Forty-Two Cents ($393.42).

## COUNT X – CONVERSION

74. Plaintiff incorporates each of the preceding paragraphs (1-19) as if each is fully set forth herein.

75. Plaintiff brought ten (10) Terumo and Medtronic pump packs with her to VUMC to assist in her role as director of the perfusion program. Plaintiff owned the ten (10) Terumo and Medtronic pump packs, and they were her property.

76. Upon dismissal from her position as director of the perfusion program, Plaintiff requested the return of the ten (10) Terumo and Medtronic pump packs and was informed by Defendant that the equipment could not be located.

77. Upon information and belief, Defendant has continued to use the ten (10) Terumo and Medtronic pump packs to train its perfusion program students.

78. Defendant intentionally took Plaintiff's ten (10) Terumo and Medtronic pump packs for its own use and benefit in defiance of Plaintiff's rights.

79. Defendant's conversion of Plaintiff's ten (10) Terumo and Medtronic pump packs has resulted in damages to Plaintiff in an amount not less than Six Thousand Dollars ($6,000.00).

## COUNT XI – CONVERSION

80. Plaintiff incorporates each of the preceding paragraphs (1-19) as if each is fully set forth herein.

81. Plaintiff acquired one (1) Dremel that she brought with her to VUMC to assist in her role as director of the perfusion program. Plaintiff owned the one (1) Dremel, and it was her property.

82. Upon dismissal from her position as director of the perfusion program, Plaintiff requested the return of the one (1) Dremel and was informed by Defendant that the equipment could not be located.

83. Upon information and belief, Defendant has continued to use the one (1) Dremel to train its perfusion program students.

84. Defendant intentionally took Plaintiff's one (1) Dremel for its own use and benefit in defiance of Plaintiff's rights.

85. Defendant's conversion of Plaintiff's one (1) Dremel has resulted in damages to Plaintiff in an amount not less than one hundred dollars ($100.00).

## V. REQUEST FOR PUNITIVE DAMAGES

86. Plaintiff incorporates each of the preceding paragraphs (1-19) as if each is fully set forth herein.

87. Defendant has acted maliciously, intentionally, fraudulently, or recklessly by losing the property known to belong to Plaintiff. Plaintiff alleges Defendant has acted intentionally by continuing to utilize Plaintiff's property while simultaneously informing her that the property is missing. At the very least, to the extent the property truly cannot be located, Defendant acted recklessly because it should have known that Plaintiff would have wanted the property returned to her upon termination of her employment as director of the perfusion program.

88. As a result of Defendant's malicious, intentional, fraudulent, or reckless actions, Plaintiff is entitled to punitive damages in an amount equal to the greater of two (2) times the total amount of compensatory damages awarded or $500,000.00 Plaintiff requests she be awarded punitive damages in an amount equal to the greater of two (2) times the total amount of compensatory damages awarded or $500,000.00.

**PURSUANT TO RULE 38(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE, PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY OF TWELVE (12) ON ALL ISSUES SO TRIABLE.**

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests the following relief:

1. That proper process issue and be served on Defendant, and that Defendant be required to answer this Verified Complaint for Damages within the time required by law;

2. That Plaintiff be allowed to amend this Verified Complaint for Damages as justice requires and as this lawsuit progresses and more evidence is procured from the discovery process;

3. That Plaintiff be awarded judgment in her favor on all counts in this Verified Complaint in such sums that shall be determined to fully and fairly compensate Plaintiff for all general, special, incidental, economic, non-economic, and consequential damages incurred, or to be incurred, by Plaintiff in an amount not to exceed $250,000.00;

4. That Plaintiff be awarded punitive damages in an amount equal to the greater of two (2) times the total amount of compensatory damages awarded or $500,000.00.

5. That Plaintiff be awarded a trial by a jury of twelve (12) on all issues so triable;

6. That all costs, including court costs, be assessed against Defendants; and

7. That Plaintiff be awarded any further or general relief deemed appropriate by this Court or to which Plaintiff may be entitled.

[SIGNATURE BLOCK TO FOLLOW]

Respectfully submitted,

/s/ Madeleine L. Karstens
**Andrew P. Goldstein, Esq., BPR # 037042**
**Madeleine Lamb Karstens, Esq., BPR # 042324**
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Tel: (615) 326-9059
Fax: (615) 942-9514
agoldstein@colelawgrouppc.com
mkarstens@colelawgrouppc.com
*Attorneys for Plaintiff*

[VERIFICATON TO FOLLOW]

## VERIFICATION

STATE OF MARYLAND )
)
COUNTY OF ANNE ARUNDEL )

I, ANNA IULIANELLI, being first and duly sworn, make oath that I have read the foregoing, know the contents thereof, and that the same is true and correct to the best of my knowledge, information, and belief.

_____
ANNA IULIANELLI

SWORN TO AND SUBSCRIBED before me this 27 day of JANUARY, 2026.

_____
NOTARY PUBLIC

My commission expires: AUGUST 11, 2028

DENISE WALKER
Notary Public - State of Maryland
Anne Arundel County
My Commission Expires Aug 11, 2028

Page 16 of 16

Case 3:26-cv-00128   Document 1   Filed 02/06/26   Page 16 of 16 PageID #: 16